**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ISAIAH HUNTER-BEY, | ) | CASE NO. 1:25-CV-1441 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| ALLEN MILLER, *et al.*, | ) | |
| | ) | **OMNIBUS MEMORANDUM** |
| Defendants. | ) | **OPINION AND ORDER** |

## I.      INTRODUCTION

Plaintiff Isaiah Hunter-Bey alleges that his landlord (Defendant Community Property Solvers LLC) and its property manager (Defendant Allen Miller) committed various constitutional violations, statutory violations, and common law torts against him in the course of managing his tenancy. (*See generally* Compl., ECF No. 1.) He seeks $30 million in damages, a temporary restraining order and preliminary injunction, a declaratory judgment, and costs. (*Id.*, PageID# 19–20; *see also* Mot. Temporary Restraining Order, ECF No. 4; Mot. Preliminary Injunction, ECF No. 5.) He also requests that the Court refer the Defendants to the U.S. Department of Justice and the U.S. Department of Housing and Urban Development for investigation. (*Id.*)

Mr. Miller denies the allegations in the Complaint and has asserted various affirmative defenses. (*See generally* Ans., ECF No. 24.) Both Mr. Hunter-Bey and Mr. Miller are proceeding *pro se*. Community Property Solvers LLC has not yet made an appearance in the case. As set forth in a separate non-document order filed contemporaneously with this Order and Opinion, I note that Mr. Miller captioned ECF No. 29 as "Defendants' Reply" and, in that document, referred to his Answer (ECF No. 24) as "Defendants' Motion to Dismiss." Mr. Miller is advised that a corporate entity like Community Property Solvers LLC may not appear pro se and may not be

represented in this matter through the pro se representation of an officer, agent, or shareholder. *See, e.g.*, *See Lea v. Tracy Langston Ford, Inc.*, Case No. No. 19-5706, 2019 WL 9171095, *2 (6th Cir. Dec. 30, 2019). Community Property Solvers LLC has not yet made an appearance in this case. Mr. Miller and Community Property Solvers LLC are hereby on notice that the entity must be represented by counsel to participate in litigation in federal court.

This matter has been referred to me for pretrial supervision, for the resolution of non-dispositive motions, and to conduct appropriate proceedings and prepare a report and recommendation with respect to dispositive motions.[1] (Referral Order, ECF No. 17.)

In the two months since filing the Complaint, Mr. Hunter-Bey has filed around 15 motions seeking miscellaneous relief. Many of these motions are ready for decision. I address the following motions together in this Omnibus Memorandum Opinion and Order:

- Motion for Reasonable Accommodations Under the Americans with Disabilities Act (ADA), ECF No. 3;

- Motion to Support Identification of Defendant(s) and Associated Entities Through Documented LLC Structure, Family Interconnections, and Evasive Conduct, ECF No. 10;

- Motion for Leave to File Exhibit X Under Seal, ECF No. 11;

- Motion for Retroactive Signature Acknowledgement for Priorly Filed Motions, ECF No. 12;

- Petition to Waive Copy Fees Under 28 U.S.C. § 1915 and Request for Reasonable Accommodation Pursuant to ADA Title II, ECF No. 19;

- Motion to Accept Retroactive Certificate of Service, ECF No. 26;

---

[1] Before the Court referred this matter to me, Mr. Hunter-Bey filed a general objection to a Magistrate Judge issuing "any rulings, orders, or dispositive actions" in the case. (Objection, ECF No. 15.) The Court referred this matter to me over Mr. Hunter-Bey's objection. I further note that the Court's referral is consistent with the authority conferred by 28 U.S.C. § 636(b)(1)(A) and (B). The parties retain the ability to appeal or object to specific orders, proposed findings, and recommendations or reports of a Magistrate Judge as set forth in Rule 72 of the Federal Rules of Civil Procedure and this Court's Local Rule 72.3.

- Motion for Alias Summons and Preemptive Alternative Service, ECF No. 27;

- Motion for Leave to File Sur-Reply, ECF No. 30;

- Motion to Strike Portions of Reply Brief, ECF No. 31; and

- Motion for Reasonable Accommodations, ECF No. 32.

For the reasons I set forth below, I take the following actions on these motions:

**ECF Nos. 3, 19, and 32** are DENIED WITHOUT PREJUDICE.

**ECF No. 10** is DENIED.

**ECF No. 11** is GRANTED.

**ECF No. 12** is GRANTED.

**ECF No. 26** is CONSTRUED AS A NOTICE.

**ECF No. 27** is GRANTED IN PART AND DENIED IN PART.

**ECF Nos. 30 and 31** are DENIED AS MOOT.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2025, Mr. Hunter-Bey filed suit *pro se* against the Defendants. (Compl., ECF No. 1.) He alleged violations of the Fair Housing Act (Counts 1–2), disability discrimination in violation of the Americans with Disabilities Act (Count 3), "constructive eviction and interference with civil process" (Count 4), intentional infliction of emotional distress (Count 5), "negligence and reckless endangerment" (Count 6), violations of Ohio statutory landlord–tenant law (Count 7), disability discrimination under Ohio law (Count 8), telecommunications harassment under Ohio law (Count 9), a civil action for criminal conduct under Ohio law (Count 10), unjust enrichment (Count 11), a claim for "fraudulent conveyance, ownership concealment, and corporate veil misuse" under Ohio law (Count 12), a civil RICO claim (Count 13), a claim for "obstruction of

3

justice" (Count 14), and a claim for "interference with educational and vocational advancement" (Count 15). (Compl., ECF No. 1, PageID# 12–18.)

Contemporaneously, Mr. Hunter-Bey filed motions for a temporary restraining order and a preliminary injunction. (Mot. TRO, ECF No. 4; Mot. PI, ECF No. 5.)

Mr. Hunter-Bey sought a TRO preventing the Defendants from (1) evicting him, threatening eviction, or "any coercive conduct," (2) retaliating against him or other witnesses, (3) tampering with evidence "or leased property," or (4) engaging in "any act that endangers [his] housing or mental health." (Mot. TRO, ECF No. 4, PageID# 38.) He attached to his motion a document styled as an affidavit but which fails, for the reasons discussed further below, to qualify as an affidavit or declaration under 28 U.S.C. § 1746. (*Id.*, PageID# 39–40.)

Mr. Hunter-Bey sought a preliminary injunction preventing the Defendants from (1) harassing or intimidating him or other tenants; (2) retaliating against any witness or "co-resident," (3) evicting or threatening to evict him or other tenants due to their participating in the lawsuit, or (4) altering, destroying, or concealing any physical or digital evidence related to the case. (Mot. PI, ECF No. 5, PageID# 42.) He attached to his motion a document, which is again styled as an affidavit, but which fails to qualify as an affidavit or declaration under 28 U.S.C. § 1746. (*Id.*, PageID# 43.)

In the same filing packet, Mr. Hunter-Bey filed a motion to freeze the Defendants' assets (Mot. Freeze Assets, ECF No. 6, PageID# 45) and a motion to restrict Mr. Miller from traveling outside of the Northern District of Ohio and to require him to surrender his passport (Mot. Travel Ban, ECF No. 7, PageID# 48.) He again attached to these motions documents styled as affidavits, but which fail to qualify as affidavits or declarations under 28 U.S.C. § 1746.

4

To support these filings, Mr. Hunter-Bey filed a notice requesting that the Court take judicial notice that a person named Samuel Miller—which Mr. Hunter-Bey says is the "alias" of Defendant Allen Miller—is the subject of a federal procurement exclusion. (Notice, ECF No. 8.) He also manually filed a USB drive of exhibits in support of his Complaint and motions. (*See* Notice of Manual Filing, ECF No. 16.)

Finally, Mr. Hunter-Bey filed a motion seeking what he characterized as reasonable accommodations from the Court to accommodate disabilities. (Mot. Reasonable Accommodations, ECF No. 3.)

On July 24, 2025, Mr. Hunter-Bey filed a motion for leave to file one of his exhibits under seal. (Mot. Leave, ECF No. 11.) And he filed a motion identifying that he had failed to sign various motions he filed in his previous packet and requesting that the Court consider those papers to be signed. (Mot., ECF No. 12.)

On the same day, Mr. Hunter-Bey filed a miscellaneous motion styled as a "motion to support identification of Defendant(s) and associated entities through documented LLC structure, family interconnections, and evasive conduct." (Mot., ECF No. 10.) As I understand this filing, Mr. Hunter-Bey alleges that Mr. Miller operates under a series of corporate structures and that Mr. Miller's family members are listed on several corporate records related to those entities. (*See Id.*, PageID# 55.) Mr. Hunter-Bey alleges that this corporate structure is "designed to conceal ownership, reroute liability, and evade service of process"—which he calls "a hallmark" of various statutory violations. (*Id.* at PageID# 55–56.) Mr. Hunter-Bey asks the Court to review the exhibits he has submitted to the Court, allow the filing of one exhibit under seal (seemingly the same exhibit referenced at ECF No. 11), and "acknowledge that these patterns support [his] broader theories of civil RICO, fraudulent conveyance, and veil piercing." (ECF No. 10, PageID# 57.)

5

The Court thereafter referred Mr. Hunter-Bey's action to me for pretrial case management, for the resolution of non-dispositive motions, and to conduct appropriate proceedings and prepare a report and recommendation with respect to dispositive motions. (Referral Order, ECF No. 17.)

On July 25, 2025, Mr. Hunter-Bey filed a document styled as a "Summary of Objections Submitted," in which he described difficulty interacting with the Clerk's office, including (among other things) difficulty obtaining copies of court records and difficulty using a mobile phone to take notes, which he contends amounted to civil rights violations. (Objections, ECF No. 20.) He contemporaneously filed a letter to the Court stating that his case was "a matter of life and death." (Letter, ECF No. 21, PageID# 86.) Finally, he filed a petition seeking to waive copy fees under 28 U.S.C. § 1915 and asking again for what he called reasonable accommodations for his disabilities. (Petition, ECF No. 19.)

The Court issued summonses to the U.S. Marshal for service on July 28, 2025. (ECF No. 22.) The summons to Mr. Miller was returned executed on August 4, 2025. (ECF No. 23.) The summons to Community Property Solvers LLC was returned "due to incorrect address from FedEx" on August 13, 2025. (ECF No. 25.)

Mr. Miller filed an Answer to the Complaint on August 7, 2025. (ECF No. 24.)

On August 15, 2025, Mr. Hunter-Bey filed a notice, styled as a motion, informing the Court that he had served his previously filed motions on the Defendants by placing them in the mail on August 15, 2025. (Notice, ECF No. 26.) He stated that he would comply with Rule 5 of the Federal Rules of Civil Procedure "for all future filings." (*Id.*)

On the same day, he filed a motion asking the Court to issue an alias summons to Community Property Solvers LLC's registered agent at an address in Garfield Heights and to authorize service by ordinary mail if certified mail is returned unclaimed. (Mot., ECF No. 27.)

6

Finally, Mr. Hunter-Bey filed a document styled as an objection to a motion to dismiss. (Opp'n, ECF No. 28.) He seems to have construed Mr. Miller's Answer as a Rule 12 motion to dismiss. (*See generally id.*) Mr. Miller responded to this document with a document styled as a reply brief in support of dismissal of the Complaint under Rule 12(b)(1) and 12(b)(6). (Reply, ECF No. 29.) Notably, Mr. Miller referred to the document as "Defendants' Reply," suggesting that he might consider the Answer and Reply Brief to be filed on his own behalf as well as on behalf of the company. (*See id.* at PageID# 115–16.)

On September 5, 2025, Mr. Hunter-Bey filed a motion for leave to file a sur-reply brief in opposition to dismissal. (Mot. Leave, ECF No. 30.) He also filed a motion to strike portions of Mr. Miller's reply brief. (Mot. Strike, ECF No. 31.)

And finally, Mr. Hunter-Bey filed a third motion for reasonable accommodations. (Mot., ECF No. 32.)

This Memorandum Opinion and Order follows.

## III.    LAW AND ANALYSIS

### a.    <u>The Motions for Reasonable Accommodations (ECF Nos. 3, 19, and 32)</u>

Mr. Hunter-Bey identifies that he has certain diagnosed mental health conditions that he says qualify as disabilities under the Americans with Disabilities Act. (*See* Mot., ECF No. 3, PageID# 34; Mot., ECF No. 32, PageID# 123.) He asks for a number of accommodations that he characterizes as reasonable, nonprejudicial adjustments that are necessary to allow him to participate meaningfully in this litigation.

I have reviewed each request carefully. Broadly speaking, Mr. Hunter-Bey requests: (1) to be able to use assistive technology, the functions of which he began to explain in his filings but remain unclear; (2) extended response time and a structured questioning protocol during hearings;

7

(3) deadline extensions when necessary; (4) the ability to participate in some proceedings remotely; (5) reasonable breaks during proceedings upon request; (6) "simplified and plain-language communications, including written summaries of key rulings"; (7) scheduling considerations to allow proceedings to take place in the mornings; and (8) access to a private, quiet room during in-person proceedings.

I appreciate Mr. Hunter-Bey informing the Court of his conditions and setting forth what he feels he needs to participate meaningfully in this litigation. That said, most of his requests are premature at this early stage of the proceedings in light of the fact that Mr. Hunter-Bey has not perfected service over all the defendants. There are no conferences or hearings scheduled, let alone in-person hearings. Mr. Hunter-Bey has shown no difficulty participating in the case to date, as evidenced by his filing a number of motions on a wide variety of subjects.

With respect to deadlines, Mr. Hunter-Bey (as with any litigant) may move for an extension on individual matters and the Court will address those requests on a case-by-case basis.

With respect to the specific manner of conducting hearings or other proceedings, I also find it prudent to address any accommodations that may be appropriate on a case-by-case basis. What is reasonable and fair to the Defendants in one proceeding, for instance, may not be suitable for another kind of hearing. I also intend to take up the matter of assistive technology if and when I meet with the parties for a case management conference. I need more specific information about the specific technology Mr. Hunter-Bey wishes to use, at which point I will be able to evaluate the appropriateness of its use on a case-by-case basis and in the proper context.

With respect to Mr. Hunter-Bey's request that the Court provide—above and beyond its written orders, docket entries, and statements on the record—additional summaries of key rulings or procedural steps, that request is denied. The Court speaks through its docket. Mr. Hunter-Bey

is choosing to proceed without counsel, and the Court cannot provide legal advice to Mr. Hunter-Bey or any other individual litigant.

Therefore, I will deny Mr. Hunter-Bey's motions for reasonable accommodation **without prejudice**. He may raise his requested accommodations on a case-by-case basis as additional proceedings arise, at which time I will be able to balance the request against the prejudice to the Defendants—and considering that Mr. Hunter-Bey is choosing to proceed without counsel in this matter—in its appropriate context.

Before concluding, I address Mr. Hunter-Bey's request to waive copying fees. He requests that I order the Clerk of Court to provide him with three copies of each of his filings—two for service and one for his records. I deny that request as moot and without prejudice.

In *in forma pauperis* cases, the Clerk of Court will mail copies of all filings to each party of record. This accomplishes service of filings while also providing Mr. Hunter-Bey with a copy of the filing for his records. If additional difficulties with that procedure arise during the litigation, Mr. Hunter-Bey may bring those matters to the Court's attention.

### b.　　The Motion for Leave to File Exhibit Under Seal (ECF No. 11)

Mr. Hunter-Bey requests to file under seal Exhibit X to his complaint and injunctive-relief applications. He represents that the exhibit contains personally identifying information like home addresses and birth dates. He offers to file a redacted version that can be accessed on the public docket.

The motion—which is unopposed—is granted. Mr. Hunter-Bey may file the unredacted exhibit under seal using the Court's electronic filing system. He should promptly electronically file a redacted copy for the public record on or before September 26, 2026. When he files this

copy, he is directed contemporaneously file a document explaining the purpose of his exhibits and how they relate to his motions for injunctive relief.

> **c.      The Motion to Support Identification of Defendants and Associated Entities (ECF No. 10)**

I turn next to Mr. Hunter-Bey's miscellaneous motion, styled as a "motion to support identification of Defendant(s) and associated entities through documented LLC structure, family interconnections, and evasive conduct." (Mot., ECF No. 10.) Reading past the argument presented in the filing and directed toward the ultimate issues to be decided in this case, the actual relief requested in the motion is relatively straightforward: that the Court (1) review the exhibits he has submitted to the Court and allow the filing of one exhibit under seal (seemingly the same exhibit referenced at ECF No. 11); and (2) "acknowledge that these patterns support [his] broader theories of civil RICO, fraudulent conveyance, and veil piercing." (ECF No. 10, PageID# 57.)

The motion is not well-taken. Mr. Hunter-Bey's first request is partially duplicative to his motion to file a document under seal (ECF No. 11), and the remainder of the motion essentially asks that the Court review his evidence and rule in his favor with respect to his Complaint and injunctive motions. In its entirety, then, the motion is directed at the merits of already pending motions and claims; it requests no additional relief.

The motion is denied. I rule on Mr. Hunter-Bey's ECF No. 11 below. The Court will address the merits of his motions for injunctive relief, and he may litigate the underlying claims in the complaint in the ordinary course of litigation according to the Civil Rules.

> **d.      The Motions Regarding Technical Rule Violations (ECF Nos. 12, 26)**

Mr. Hunter-Bey failed to sign various motions and requested that the Court consider those papers to be personally signed. (Mot., ECF No. 12.) He contends that this was an oversight and affirms that he "personally authored, reviewed, and approved each" of the filings.

Rule 11 of the Federal Rules of Civil Procedure requires that every paper presented to the Court must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. Fed. R. Civ. P. 11. This is not a mere formality; by so signing, the party or their representative attests that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Here, Mr. Hunter-Bey has reaffirmed these representations with respect to the papers at issue and asks the Court to consider these papers as properly signed when filed. Under the circumstances, and where there has been no motion for sanctions or other objection filed, I grant Mr. Hunter-Bey's motion. The rules contemplate that a party may correct a Rule 11 signature deficiency. *See* Fed. R. Civ. P. 11(c)(2). That is exactly what Mr. Hunter-Bey did here. The motion is granted.

Mr. Hunter-Bey is reminded that, going forward, every paper presented to the Court must be personally (that is to say, not just electronically) signed.

I turn next to ECF No. 26. This document is styled as a "motion to accept retroactive certificate of service." In the document, though, Mr. Hunter-Bey requests no relief. He merely

informs the Court that—on the same day he filed ECF No. 26—he caused eleven of his previous filings to be sent by U.S. Mail to the Defendants. This motion is properly construed as a notice, and the docket will reflect that the Court takes notice of his representation.

> ### e. The Motion for Alias Summons and Preemptive Alternative Service (ECF No. 27)

In ECF No. 27, Mr. Hunter-Bey seeks an order from the Court directing the issuance of an alias summons to what seems to be the personal address of Community Property Solvers LLC's registered agent and authorizing, preemptively, the service of process by regular U.S. mail in the event that certified mail directed to the agent is returned unclaimed. (Mot., ECF No. 27, PageID# 110.)

It is the plaintiff's burden to have the summons and complaint appropriately served within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1). A court must order the U.S. Marshal, a deputy marshal, or a person specially appointed by the court to make service if—as here—the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). A domestic corporation may be served in a manner prescribed by Rule 4(e)(1) or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

Here, Mr. Hunter-Bey requests that service of process be made on Defendant Community Property Solvers LLC's registered agent at an address in Garfield Heights, Ohio by certified U.S. Mail. Without concluding whether the delivery of process to that address is legally adequate to effectuate service, I will grant the motion.

12

The Clerk is hereby ordered to mail, by certified mail, a copy of the summons and complaint to:

> Community Property Solvers LLC, c/o Lynette Miller
> 12916 South Parkway Dr.
> Garfield Heights, OH 44105

*See* Fed. R. Civ. P. 4(h)(1), 4(e)(1); Ohio R. Civ. P. 4.1(A)(1)(a).

Mr. Hunter-Bey's admittedly preemptory request to authorize service by regular U.S. Mail is denied as premature. He may request further relief with regard to service as appropriate in the future.

### f.      **The Motion to Strike and the Motion for Leave to File Sur-Reply Brief (ECF Nos. 30, 31)**

As discussed further above, Mr. Hunter-Bey and Mr. Miller have treated Mr. Miller's Answer as a motion to dismiss. Mr. Hunter-Bey filed a document styled as an opposition to a motion to dismiss. (Opp'n, ECF No. 28.) Mr. Miller responded with a document styled as a reply brief in support of dismissal of the Complaint under Rule 12(b)(1) and 12(b)(6). (Reply, ECF No. 29.) And Mr. Hunter-Bey filed motions for leave to file a sur-reply brief (ECF No. 30) and to strike portions of Mr. Miller's reply brief (ECF No. 31).

I deny Mr. Hunter-Bey's motions (ECF Nos. 30 and 31) as moot because there is no motion to dismiss pending. Mr. Miller raised certain defenses to Mr. Hunter-Bey's claims in his Answer, including certain defenses that may be raised by motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. But a party must file a Rule 12(b) motion *before* the responsive pleading. Fed. R. Civ. P. 12(b). Here, Mr. Miller asserted the defenses in his responsive pleading instead of by way of motion. This is permitted, of course. But the result is that no Rule 12 motion to dismiss is pending before the Court.

Because there is no motion to dismiss pending, Mr. Hunter-Bey's requests to strike portions of or further address aspects of Mr. Miller's reply brief in support of such a motion are moot.

Nothing in this order limits Mr. Miller's ability to otherwise litigate the defenses raised in his Answer according to the Rules of Civil Procedure, whether by way of Rule 12(c), Rule 12(i), or at trial.

## IV.     CONCLUSION

For the foregoing reasons,

**ECF Nos. 3, 19, and 32** are DENIED WITHOUT PREJUDICE.

**ECF No. 10** is DENIED.

**ECF No. 11** is GRANTED.

**ECF No. 12** is GRANTED.

**ECF No. 26** was filed as a motion but it is merely a notice. ECF No. 27 is CONSTRUED AS A NOTICE.

**ECF No. 27** is GRANTED IN PART AND DENIED IN PART.

**ECF Nos. 30 and 31** are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated:  September 12, 2025                                    /s *Jennifer Dowdell Armstrong*
                                                                              JENNIFER DOWDELL ARMSTRONG
                                                                              UNITED STATES MAGISTRATE JUDGE