**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ISAIAH HUNTER-BEY,** | ) | **CASE NO. 1:25 CV 1441** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **ALLEN MILLER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong setting forth her recommendation that this case be dismissed with prejudice. (ECF #111) Plaintiff, Isaiah Hunter-Bey, acting *pro se*, filed this action against his landlord, Defendant Community Property Solvers LLC, and its property manager, Defendant Allen Miller, asserting numerous constitutional violations, statutory violations, and common law torts committed against him during the course of his tenancy. (ECF #1) Along with his complaint seeking $30 million in damages, Plaintiff filed motions for reasonable accommodations, a temporary restraining order, a preliminary injunction, to freeze Defendants' assets, and to bar Defendants' international travel. (ECF ## 3-7) The case was referred to Magistrate Judge Armstrong on July 25, 2025 for pretrial supervision, resolution of non-dispositive motions and to conduct appropriate proceedings and prepare a report and recommendation with respect to dispositive motions. (ECF #17).

In her Report and Recommendation Magistrate Judge Armstrong notes that since she issued her case management order on January 15, 2026, Plaintiff has failed to attend two hearings and has

repeatedly informed the Court that he will not appear, even remotely, for a case management conference despite several Court orders requiring his attendance and five warnings that failure to appear may result in the recommendation of sanctions, including dismissal with prejudice. Plaintiff continues to maintain that due to his mental and physical limitations, he must manage this litigation in a "written only" format. The Report and Recommendation thoroughly reviews the course of the litigation and the back and forth motions and responding orders. Magistrate Judge Armstrong concluded that with respect to the case management conference, and indeed to many facets of an action seeking a jury trial," this case cannot be effectively managed solely through written submissions." (ECF #111 at 10)

Magistrate Judge Armstrong carefully reviewed the law surrounding Fed. R. Civ. P. 41(b) which permits a court to dismiss an action for failure to prosecute or comply with the federal rules or a court's order. After reviewing the four factors identified by the Sixth Circuit relevant to the determination of whether a case is properly dismissed for failure to prosecute under Rule 41(b), Magistrate Judge Armstrong determined that all of the factors weighed in favor of dismissal. *See Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (affirm); *Knoll v. Am. Tel. & Rogers v. City of Warren*, 176 F.3d 359, 363 (6th Cir. 1999). While she considered the less severe sanction of dismissal without prejudice, given the circumstances of this case and Plaintiff's position that the Court cannot schedule a hearing in his case, Magistrate Judge Armstrong recommends that dismissal with prejudice is the appropriate remedy in this case.

Plaintiff filed objections to the Report and Recommendation. (ECF #112)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and

recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, analyzing Plaintiff's Objections to the Report and Recommendation. Magistrate Judge Armstrong carefully reviewed the course of the litigation to this point and all of the accommodation requests made by Plaintiff and the Court's efforts to work with those requests. Her ultimate conclusion that Plaintiff's refusal to participate in any way except through written submissions was unworkable is well supported in fact and law. Plaintiff's objection to the Report and Recommendation did not raise any argument not already addressed by Magistrate Judge Armstrong and while he disagrees with her analysis of the law in this context, the Court is persuaded that Magistrate Judge Armstrong's conclusions are correct and that the correct decision in this instance is to dismiss this action with prejudice.

Accordingly, the Report and Recommendation issued by Magistrate Judge Armstrong (ECF #111) is hereby ADOPTED in its entirety and this action is dismissed with prejudice.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: May 1, 2026

-3-